# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5821 | **DATE** | 1/22/2001 |
| **CASE TITLE** | THERESA SANDOVAL vs. NORTHWEST ILL REGIONAL COMMUTER RR | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's motion for summary judgment is granted. Enter memorandum opinion and order.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | | |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | JAN 2 4 2001 | |
| | Notified counsel by telephone. | | | date docketed | 24 |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| LG | courtroom deputy's initials | | 01 JAN 23 PM 5:23 | date mailed notice | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THERESA SANDOVAL, as mother and next )
friend of JOSE SANDOVAL, )
a minor, )
)
Plaintiff, )
) No. 99 C 5821
v. )
)
NORTHWEST ILLINOIS REGIONAL ) Judge John W. Darrah
COMMUTER RAILROAD CORPORATION )
d/b/a AMTRAK, and BURLINGTON )
NORTHERN SANTA FE RAILWAY, )
)
Defendants. ) **DOCKETED**

**JAN 2 4 2001**

## MEMORANDUM OPINION AND ORDER

Plaintiff, Theresa Sandoval, as mother and next friend of Jose Sandoval, a minor, commenced a negligence action against defendants, Northeast Illinois Regional Commuter Railroad Corporation d/b/a Amtrak (Amtrak) and Burlington Northern Santa Fe Railway (Burlington), for injuries sustained by Jose Sandoval when he stepped from a trestle on the right-of-way owned by Burlington in front of a train operated by Amtrak. Before this Court is the defendants' Motion for Summary Judgment under Federal Rule of Civil Procedure 56(c).

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admission on file, together with affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). All the evidence and the reasonable inferences that may be drawn from the evidence is viewed in the light most favorable to the nonmovant. *Miller v. American Family Mutual Insurance Co.*, 203 F.3d 997, 1003 (7th Cir. 2000). However, the nonmovant must

still come forward with evidence establishing the elements of his claim on which she bears the burden of proof at trial. As such, she must establish specific facts that show there is a genuine issue for trial. *Miller*, 203 F.3d at 2003.

On November 2, 1996, Jose Sandoval was 15 years old and a freshman in high school. He lived in the 4200 block of West 25th Street. (Def.'s 56.1(a)(3) Statement ¶¶ 1, 5). That afternoon, he was "just hanging out" with four friends at 24th and Karlov. (Id., at ¶ 6). At approximately 6:15 p.m., Jose and the four friends went onto the railroad tracks at 24th and Karlov from an alley that had a "pathway" leading directly to the railroad tracks. (Id., at ¶ 7). Jose had previously seen kids use the alley "almost every day after school" to cut across the railroad tracks as a short-cut. He had also seen kids walk down the railroad tracks as a short-cut to some destination. (Id., at ¶ 8). Jose had not been on the tracks before November 2, 1996; instead, he used the street to get to his destination. (Id., at ¶ 9). His mother had taught him not to go on the railroad tracks because it was dangerous, and he knew that it was dangerous to go on the tracks on November 2, 1996. (Id., at ¶ 10).

After reaching the railroad tracks, the group of friends turned right and walked down the railroad tracks. The group did not go on the railroad tracks for any particular reason; they were "just walking down, hanging out." (Id., at ¶ 11). The group walked down the railroad tracks, eventually reaching a bridge located near the 2300 block of South Lawndale, which is at least four blocks east and one block north of where they originally started. (Id., at ¶ 13). At this point, the railroad tracks pass over a viaduct, and it is necessary to climb an embankment to reach the bridge from the street level. (Id., at ¶ 14). Witnesses do not recall seeing any fence or warning signs at this location. (Id., at ¶ 15). As the group crossed the bridge, Jose crossed over to another railroad track after seeing a freight train that did not have its lights on coming toward him on the first or second of four sets of

railroad tracks. An Amtrak train was traveling behind the freight train on a different railroad track. (Def.'s 56.1(a)(3) Statement ¶¶ 16-17). Jose did not notice the Amtrak train but remembered he said to a friend, "Doesn't it look like darkness is coming towards us?" (Id., at ¶ 18). Fifteen or twenty seconds later, Jose was struck by the Amtrak train. (Id., at ¶ 19).

To state a cause of action for negligence, a plaintiff must establish "the existence of a duty of care owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by that breach." *Ward v. K mart Corp.*, 136 Ill. 2d 132, 140, 554 N.E.2d 223, 226 (1990). The existence of a duty is a question of law to be decided by the court. See *Rodriguez v. Norfolk & Western Ry. Co.*, 228 Ill. App. 3d 1024, 1038, 593 N.E.2d 597, 607 (1992) (*Rodriguez*). The nature of the duty a landowner or occupier of land owes to a person on his land is governed by the person's status as a trespasser, licensee, or invitee. *Rodriguez*, 593 N.E.2d at 607. A trespasser is a person who enters the premises of another without permission or invitation and intrudes for some purpose of his own or at his convenience. *Rodriguez*, 593 N.E.2d at 607. The only duty owed to trespassers on railroad property is "to refrain from wanton and willfully injuring him, and to use reasonable care to avoid injury to him after he is discovered to be in peril." *Rodriguez*, 593 N.E.2d at 607.

However, an exception to this general rule, commonly referred to as the "permissive use" exception, has been applied where the habitual acquiescence by the land owner and a tolerance that is so pronounced becomes tantamount to permission. *Rodriguez*, 593 N.E.2d at 607. The permissive use exception requires that a landowner exercise "ordinary care" toward the trespasser if (1) the trespasser is a frequent trespasser (2) in a limited area (3) where the landowner knows or should know of the trespasser's constant intrusion. See *Reid v. Norfolk & Western Ry. Co.*, 157 F.3d 1106,

3

1111 (7th Cir. 1998) (*Reid*), citing *Lee v. Chicago Transit Auth.*, 152 Ill. 2d 432, 447, 605 N.E.2d 493, 498-99 (1992). Plaintiff does not dispute that Jose was a trespasser on the railroad's property. Plaintiff argues questions of material fact exist as to whether Jose was a permissive user of the property.

Plaintiff has failed to offer any proof that Jose frequently trespassed on the railroad tracks where he was struck by the Amtrak train. Rather, Jose admits that previous to the accident he had never walked on those railroad tracks. Plaintiff attempts to overcome this obstacle by offering affidavits of community residents that make general allegations that children played in the area from 2400 Karlov to 2300 South Lawndale. Use of the general area by individuals other than Jose does not bolster plaintiff's claim. 'Previous use ... by other members of the public is immaterial to plaintiff's case because it cannot be relied on to establish that he was on the premises as a result of an implied invitation.' (Emphasis added.) *Reid*, 157 F.3d at 1111, quoting *Rodriguez*, 593 N.E.2d at 610.

In addition, plaintiff has failed to provide evidence that the trespassing took place in a limited area. Plaintiff began his walk on the railroad tracks at 24th and Karlov and walked at least five blocks before being struck by the train. Plaintiff has provided evidence that a path existed at the alley in which he first walked upon the tracks, and a fence at 23rd and Lawndale contained a hole large enough for children to pass through. However, the accident did not occur at either of these cites. Jose did not enter the immediate area through the fence with a hole; and five blocks, as well as one block, do not constitute a limited area. See *Reid*, 157 F.3d at 1112. The *Reid* court found that one block did not constitute a limited area, finding that, if the court found a block constituted a limited area, "every inch of railroad track running through any populated area might well qualify as

4

a 'limited area.'" *Reid*, 157 F.3d at 1112. "Rather, a limited area almost always involves a well-traveled path used by members of the public." *Reid*, 157 F.3d at 1112. Plaintiff has not provided any evidence that he was traveling on a well-traveled path at the place of the accident, and a path five blocks away or a fence with a hole down the block from the site of the accident do not fall within a limited area.[1]

Furthermore, an owner or occupier of land owes a duty of "due care" to remedy a dangerous condition on the premises or otherwise protect children from injury resulting from a dangerous condition where; (1) the owner or occupier of the premises knew or should have known that children habitually frequent the premises; (2) a dangerous condition is present on the premises; (3) the dangerous condition was likely to injure children because they are incapable, because of age and maturity, of appreciating the risk involved; and (4) the expense and inconvenience of remedying the dangerous condition was slight when compared to the risk to children. *Mt. Zion State Bank & Trust v. Consolidated Communications, Inc.*, 169 Ill. 2d 110, 117, 660 N.E.2d 863, 868 (1996) (*Mt. Zion*). However, an owner or occupier of land is "free to rely upon the assumption that any child old enough to be allowed at large by his parents will appreciate certain obvious dangers or at least make his own intelligent and responsible choice concerning them." *Mt. Zion*, 660 N.E.2d at 868.

Plaintiff also argues questions of material facts exist whether Jose appreciated the risk of walking on the railroad tracks. Plaintiff testified at his deposition that his mother had taught him

---

[1]Photographs depicting trampled weeds allegedly demonstrating "worn paths" that were taken by plaintiff's private investigator in 2000 do not aid plaintiff's case because plaintiff has failed to lay proper foundation establishing that the photographs taken in 2000 represent the area in 1996, the time of the accident. Furthermore, assuming arguendo, that plaintiff could establish proper foundation, plaintiff's claim still fails because a path over a five-block area would not constitute a limited area. See *Reid v. Norfolk & Western Ry. Co.*, 157 F.3d 1106, 1111-12 (7th Cir. 1998) (finding "it is not enough that persons persistently roamed at large over the land").

5

not to "go up on the tracks" because it was dangerous and that he knew it was dangerous to walk on the tracks on the day of the accident. Plaintiff's testimony clearly established that he appreciated the risk of walking on the railroad tracks. Plaintiff has failed to provide any evidence refuting that, based upon Jose Sandoval's age, abilities, and experience, he was incapable of appreciating the risks involved in walking on the railroad tracks. See generally, *Reid*, 157 F.3d at 1111 (15 year old struck by train).

Plaintiff argues that a jury could find Amtrak was guilty of willful and wanton conduct by operating a train at a speed of 70 miles per hour, without a headlight, in an area where children are known to trespass. An individual acts willfully or wantonly if he displays a reckless disregard for the safety of others after knowledge of impending danger. *Miller v. General Motors Corp.*, 207 Ill. App. 3d 148, 161, 565 N.E.2d 687, 694 (1990). The standard for willful and wanton misconduct is an act that was:

> intentional or ... committed under circumstances exhibiting a reckless disregard for the safety of others, such as a failure, after knowledge of impending danger, to exercise ordinary care to prevent it or a failure to discover the danger through recklessness, or carelessness when it could have been discovered by ordinary care.

*O'Brien v. Township High School District 214*, 83 Ill. 2d 462, 415 N.E.2d 1015, 1018 (1980) (citations omitted).

At the time of the accident, the Amtrak train was traveling at approximately 68 or 69 miles per hour. The area of the accident is a Class 4 track that, by federal regulation, allows a maximum speed for passenger trains of 80 miles per hour (49 C.F.R. § 213.9(a)). Therefore, the train was running at a speed lower than that allowed by regulation; and, as such, its speed does not evince a reckless disregard for the safety of others. Furthermore, excessive speed and the failure to display

a conspicuous light, while most likely considered negligence, do not, of themselves, constitute such willful and wanton conduct as would allow a trespasser injured by a passing train to recover. See *Gately v. Chicago Eastern R.R. Co.*, 138 F.2d 222, 227 (7th Cir. 1943); *Provenzano v. Illinois Central R.R. Co.*, 357 Ill. 192, 191 N.E. 287 (1934) (speeding train or train that fails to sound whistle would not constitute willful and wanton conduct but "would be nothing more than an act of negligence"); *Illinois Central R.R. Co. v. Elcher*, 202 Ill. 556, 67 N.E. 376 (1903) (train speeding more than 10 miles over speed limited by ordinance did not constitute willful and wanton conduct); see also *Sabo v. Reading Co.*, 244 F.2d 692, 694 (3rd Cir. 1957) (train that sped blindly through fog did not constitute willful and wanton conduct).

Plaintiff relies on affidavits of nearby residents who state that they observed children on the railroad tracks in the vicinity of the railroad tracks near 23rd and Lawndale and the hole in the fence near that area and presumes that defendants must have seen the same. Theses affidavits generically demonstrate that some members of the community had observed children near the tracks on unidentified times for unidentified periods in 1996 and years prior to 1996. Plaintiff has failed to establish any link between the affiants' allegations and any knowledge imputed to defendants demonstrating that defendants had either actual or constructive knowledge of constant intrusions on the railroad tracks in the area plaintiff was struck by the train. See *Reid*, 157 F.3d at 1112 (generic affidavits by community members failed to establish that the railroad knew children frequently walked on the railroad tracks).

Defendants' Motion for Summary Judgment is granted.

Dated: 1/22/01

JOHN W. DARRAH
United States District Judge

7